UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WATERMARK CONSTRUCTION, L.P.,

    Plaintiff,

v.                                                Case No:   6:17-cv-1814-Orl-40TBS

SOUTHERN-OWNERS INSURANCE
COMPANY, APACHE STUCCO, INC.
and OAK MEADOW LIMITED
PARTNERSHIP,

    Defendants.

## ORDER

This case comes before the Court without a hearing on Defendant Oak Meadows Limited Partnership's Motion for Extension of Deadline (Doc. 49).

In 2007, Oak Meadows, as owner-developer, contracted with Plaintiff WaterMark Construction, L.P., as general contractor, for the construction of an apartment complex in Brevard County, Florida (Doc. 10-2, ¶¶ 7-8). In 2014, Oak Meadows sued WaterMark in state court, alleging that the complex was improperly constructed (Id.). WaterMark denies liability and has filed a third party complaint against multiple subcontractors, one of which is Defendant Apache Stucco, Inc. (Doc. 10-3).

Defendant Southern-Owners Insurance Company issued a policy of insurance to Apache (Doc. 10, ¶ 11). The policy lists WaterMark as an additional insured (Id., ¶ 13). WaterMark filed this lawsuit seeking a declaratory judgment that the Southern-Owners' policy covers Oak Meadows' claims that are based on the work performed by Apache (Id.). WaterMark also seeks reformation of the policy to provide coverage for Oak Meadow's claims based upon the work done by Apache (Id.). Southern-Owners has

answered and cross-claimed against Oak Meadows and Apache, for a declaration that it does not have a duty to defend or indemnify Apache against WaterMark's claims made in the state court case (Doc. 16).

This case was filed in the Tampa division of the court (Doc. 1). That court entered a Case Management and Scheduling Order setting the following deadlines:

| | |
|---|---|
| Plaintiff's Expert Disclosure | March 23, 2018 |
| Defendants' Expert Disclosures | March 30, 2018 |
| Discovery Deadline | April 30, 2018 |
| Dispositive Motions Deadline | May 30, 2018 |

The case was subsequently transferred to this Court (Doc. 33). On November 2, 2017, this Court entered an Amended Case Management and Scheduling Order which adopts the discovery and dispositive motion deadlines set by the Tampa court (Doc. 39). Oak Meadows is asking this Court to extend to April 30, 2018, the deadline for it to serve its expert disclosures (Doc. 49). As grounds, it says that the scheduling conference which preceded entry of the Tampa Case Management and Scheduling Order occurred before it had appeared in the case (Id., ¶ 6). Oak Meadows also points out that although it and Southern-Owners are both Defendants in this case, their interests do not align (Id., ¶¶ 3-4). Lastly, Oak Meadows argues that the generalized averments of Southern-Owners' cross-claim make it difficult to defend (Id., ¶ 5).

Southern-Owners is the only party that opposes Oak Meadows' motion (Id., ¶ 8). It argues that if the motion is granted, it will not have an opportunity to depose Oak Meadows' experts or obtain rebuttal experts (Doc. 50, ¶¶ 6-7). To resolve this dispute, Southern-Owners proposes that the Court set a new deadline, prior to the discovery deadline, for the disclosure of rebuttal experts by all parties (Id., ¶¶ 8-9).

Local Rules 3.01(a) and (b) require a party making or defending a motion to include in their paper, a memorandum of legal authorities. Oak Meadows and Southern-Owners have both failed to comply with the Local Rules.

Oak Meadows seeks modification of the Amended Case Management and Scheduling Order. A scheduling order can only be modified "upon a showing of good cause." FED. R. CIV. P. 16(b). "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" Sosa v. Airprint Systems, Inc., 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting FED. R. CIV. P. 16 advisory committee note). "'If [a] party was not diligent, the [good cause] inquiry should end.'" Id. (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Oak Meadows motion fails to allege or show that it has been diligent, or that it cannot meet the expert disclosure deadline despite the exercise of diligence.

The Amended Case Management and Scheduling Order provides:

> **2. Extensions of Other Deadlines Disfavored –** Motions for an extension of other deadlines established in this order, including motions for an extension of the discovery period, are disfavored. The deadline will not be extended absent a showing of good cause. FED. R. CIV. P. 16(b). Failure to complete discovery within the time established by this Order shall not constitute cause for continuance. A motion to extend an established deadline normally will be denied if the motion fails to recite that: 1) the additional discovery is necessary for specified reasons; 2) all parties agree that the extension will not affect the dispositive motions deadline and trial date; 3) all parties agree that any discovery conducted after the dispositive motions date established in this Order will not be available for summary judgment purposes; and 4) no party will use the granting of the extension in support of a motion to extend another date or deadline. The movant must show that the failure to complete discovery is not the result of lack of diligence in pursuing discovery. Local Rule 3.09(b). The filing of a motion for extension of time does not toll the time for compliance with deadlines established by Rule or Order.

(Doc. 39 at 6). Oak Meadows' motion does not satisfy these requirements.

For all of these reasons, Oak Meadows' motion is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on November 13, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties