UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WATERMARK CONSTRUCTION, L.P.,

    Plaintiff,

v.                                       Case No:   6:17-cv-1814-Orl-40TBS

SOUTHERN-OWNERS INSURANCE
COMPANY, APACHE STUCCO, INC.
and OAK MEADOW LIMITED
PARTNERSHIP,

    Defendants.

## ORDER

Pending before the Court is Plaintiff's Amended Motion for Default as to Apache Stucco, Inc. (Doc. 53).

Plaintiff brings this declaratory judgment action to determine coverage under an insurance policy (Doc. 10). It has submitted a return of service stating that Defendant Apache Stucco, Inc. was served by serving its registered agent/director, Linda J. Lambert, 463 Still Forest Terrance, Sanford, Florida on July 6, 2017 (Doc. 53-2). In his return, the process server describes Ms. Lambert as "Age: 55, Sex: F, Race/Skin Color: White, Height: 5'5", Weight: 185, Hair: Dark Blond, Glasses: N." (Id., at 1).

Plaintiff amended its complaint and an alias summons was issued for service on Apache (Doc. 53, ¶¶ 1-2). On September 13, 2017, a different process server served the amended complaint on Linda J. Lambert at the same address given by the first process server (Doc. 53-3 at 1). In his return, the second process server described Ms. Lambert as "Age: 60+, Sex: F, Race/Skin Color: White, Height: 5'3", Weight: 130, Hair: Brown, Glasses: Y." (Id., at 1).

Apache has not appeared in the case and on November 6, 2017, Plaintiff asked that default be entered (Doc. 47). The motion was denied without prejudice because the Court was unable to reconcile the descriptions of Ms. Lambert in the two returns of service (Doc. 48). The pending motion includes statements by both process servers that they have conferred and "are very certain we served the same individual; however, we each had our own personal description of her physical appearance at that given time." (Doc. 53-2 at 3; Doc. 53-3 at 3). In addition, counsel for Plaintiff has submitted his affidavit in which he states that Apache was served in both instances (Doc. 53-1, ¶ 3).

In the absence of a waiver, proper service of process is a requirement for the Court to obtain personal jurisdiction over a party. "The burden is on the plaintiff to exercise due diligence to perfect service of process after the filing of the complaint." Campbell v. United States, 496 F.Supp. 36, 39 (E.D. Tenn. 1980). "Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." FED. R. CIV. P. 4(l).

"The sufficiency of service of process is determined by Rule 4." Hickory Travel Systems, Inc. v. TUI AG, 213 F.R.D. 547, 552 (N.D. Cal. 2003). "'Although Rule 4 is to be construed liberally, service is not effective unless a plaintiff has substantially complied with its requirements.'" Id. (quoting Wishard v. Agents for Int'l Monetary Fund Internal Revenue Service, 1995 WL 494586, at *2 (N.D. Cal. 1995).

Despite the conflicts in the descriptions of the person served, the only evidence before the Court is the sworn testimony of Plaintiff's counsel and the process servers. According to that testimony, Plaintiff's complaint and amended complaint were actually served on Apache. Therefore, and because a defect in the description of the person served does not invalidate the service of process, the Court finds that Plaintiff has met its

burden. Accordingly, Plaintiff's motion is **GRANTED** and the Clerk is **DIRECTED** to enter default against Apache.

**DONE** and **ORDERED** in Orlando, Florida on November 17, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties