UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WATERMARK CONSTRUCTION, L.P.,

    Plaintiff,

v.                                                  Case No: 6:17-cv-1814-Orl-40TBS

SOUTHERN-OWNERS INSURANCE
COMPANY, APACHE STUCCO, INC.
and OAK MEADOW LIMITED
PARTNERSHIP,

    Defendants.

## ORDER

Defendant Southern-Owners Insurance Company's Motion for Default on Crossclaim, as to Apache Stucco, Inc. (Doc. 59) is pending before this Court. Plaintiff served Defendant Apache Stucco, Inc. by serving its registered agent/director Linda J. Lambert at 463 Still Forest Terrance, Sanford, Florida on July 5, 2017 (Doc. 12). Plaintiff amended its complaint on July 28, 2017 (Doc. 10) and on August 10, 2017, Southern-Owners answered and cross-claimed against Apache Stucco (Doc. 16 at 1, 6-8).[1]

On September 11, 2017, Plaintiff served its amended complaint on Ms. Lambert at the address given by the first process server (Doc. 45 at 1). Apache Stucco did not appear and on November 6, 2017, Plaintiff moved for the entry of a clerk's default (Doc. 47). The Court initially denied the motion without prejudice (Doc. 48), but after further briefing, granted it on November 17, 2017 (Doc. 55 at 2).

---

[1] Southern-Owners' states that it filed its answer and cross-claim on October 27, 2017, at Docket Entry 34. See (Doc. 59 at 2, ¶ 5). The pleading filed on October 27, 2017 at Docket Entry 34 was "Oak Meadows Limited Partnership's Answer and Affirmative Defenses to Southern-Owners' Insurance Company's Cross-claim for Declaratory Relief." Southern-Owners repeated this mistake in its attorney affidavit (Doc. 59-3 at 1-3).

Southern-Owners represents that on November 6, 2017, it sent a copy of its cross-claim to Apache Stucco via United Parcel Service addressed to Ms. Lambert at the same address where she was served by Plaintiff's process servers (Doc. 59 at 2, ¶ 6; Doc. 59-1 at 1-24). A "Proof of Delivery" bearing the same tracking number as the shipping label shows that the cross-claim was delivered to Ms. Lambert's front door on November 7, 2017 at 10:03 am (Doc. 59-2).

Southern-Owners' decision to serve Apache Stucco by mail is permitted under FED. R. CIV. P. 5(b)(2)(C). 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE CIVIL § 1407 (3d ed. 2017); 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE CIVIL § 1148 (4th ed. 2017). Service is considered complete upon mailing. FED. R. CIV. P. 5(b)(2)(C).

Apache Stucco had 24 days from the date of service of the cross-claim to respond. See FED. R. CIV. P. 6(d) (when service is made under Rule 5(b)(2)(C), three additional days are added to the 21 days mandated in FED. R. CIV. P. 12(a)(1)(B)). Apache Stucco's response was due by November 30, 2017. It has failed to respond and the time within to do so has expired. Accordingly, Southern-Owner's Motion for Default on Crossclaim (Doc. 59) is **GRANTED**. The Clerk shall enter default against Apache Stucco on Southern-Owner's cross-claim.

**DONE** and **ORDERED** in Orlando, Florida on December 1, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties